UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - :
DAN GROPPER,                              : 13 Civ. 2068 (ALC) (JCF)
                                          :
                Plaintiff,                : MEMORANDUM
                                          : AND  ORDER
        - against -                       :
                                          :
DAVID ELLIS REAL ESTATE, L.P. and         :
31 UNION SQUARE WEST, LLC, d/b/a          :   USDS SDNY
BLUE WATER GRILL,                         :   DOCUMENT
                                          :   ELECTRONICALLY FILED
                Defendants.               :   DOC #: _____
- - - - - - - - - - - - - - - - - - - - - :   DATE FILED: 7/29/13
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

   The plaintiff, Dan Gropper, brings this action against David Ellis Real Estate, L.P. and 31 Union Square West, LLC (d/b/a/ Blue Water Grill), alleging that the defendants denied him access to a place of public accommodation because of his disability in violation of 42 U.S.C. § 1985; the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181 et seq.; New York Civil Rights Law § 40; the New York State Human Rights Law, N.Y. Exec. Law § 296; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq.

   The defendants move to stay this action pending the resolution of a concurrent ADA investigation by the Civil Rights Division of the United States Department of Justice (the "DOJ").  For the reasons that follow, the defendants' motion is denied.

1

Background

Mr. Gropper commenced this action on March 28, 2013. He claims that the defendants conspired to disregard the legal requirements for making Blue Water Grill, a place of public accommodation, accessible to persons with disabilities. (Complaint ("Compl."), ¶ 2). His complaint identifies 52 alleged violations. (Compl., ¶ 24). He seeks a declaratory judgment, a permanent injunction, at least $100,000.00 per defendant in compensatory damages, at least $100,000.00 per defendant in punitive damages, $500.00 per defendant for each violation, and reasonable attorneys' fees. (Compl. at 24-25).

The DOJ has commenced an investigation of Blue Water Grill's compliance with the ADA. (Memorandum of Law in Support of Defendants' Motion to Stay ("Def. Memo"), at 1). The defendants claim that the DOJ's inquiry and Mr. Gropper's allegations are based on the same purported violations and each seeks the same injunctive relief. (Def. Memo at 1). Citing a need to preserve judicial resources and to avoid inconsistent results, the defendants seek to stay the current action until the resolution of the DOJ investigation.[1] (Def. Memo at 1).

---

[1] The defendants allege that the DOJ investigation should conclude by the end of this summer. (Def. Memo 2).

2

Discussion

"A stay is not a matter of right . . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). Courts may grant a stay of a federal civil action pending completion of a parallel criminal investigation, see, e.g., In re Worldcom, Inc. Securities Litigation, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *3-4 (S.D.N.Y. Dec. 5, 2002), a parallel foreign action, see, e.g., Ole Media Management, L.P. v. EMI April Music, Inc., No. 12 Civ. 7249, 2013 WL 2531277, at *2 (S.D.N.Y. June 10, 2013), or a parallel state court case, see General Reinsurance Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 81 (2d Cir. 1988). Proceedings are "parallel" when "substantially the same [parties are] litigating substantially the same issues" simultaneously in two fora. Royal and Sun Alliance Insurance Co. of Canada v. Century International Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006); see also Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898 (7th Cir. 1999).

In the present case, there is no parallel criminal action, no parallel foreign action, and no parallel state court case. The defendants argue that the Court should nevertheless apply the standard for granting a stay pending completion of a parallel

3

criminal investigation. (Def. Memo at 5). However, such stays are designed to protect the accused person's Fifth Amendment rights, see, e.g., Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 ("denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination"), and no such rights are implicated in this civil case.

Additionally, the defendants rely on a series of cases -- Landis v. North American Co., 299 U.S. 248 (1936); Friarton Estates Corp. v. City of New York, 681 F.2d 150 (2d Cir. 1982); and Goldstein v. Time Warner New York City Cable Group, 3 F. Supp. 2d 423 (S.D.N.Y. 1998) -- to argue that the Court has broad authority to stay an action pending resolution of separate proceedings that are relevant to the case at hand. (Def. Memo at 4-5). However, the defendants take those cases out of context: the pending proceedings in those actions were court proceedings, not government investigations. Accordingly, they have no bearing on the present case.

Conclusion

For the foregoing reasons, the defendants' motion to stay the action (Docket no. 9) is denied.[2]

---

[2] Although there is no legal basis to grant the requested stay, Mr. Gropper should consider agreeing to delay this action to allow the DOJ investigation to run its course. First, the results of the investigation may support his case. Second, he will be saved from expending resources on a case for which he may

4

SO ORDERED.

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          July 29, 2013

Copies mailed this date to:

Adam S. Hanski, Esq.
Glen H. Parker, Esq.
Parker Hanski LLC
40 Worth St., 10th Floor
New York, NY 10013

Ernest E. Badway, Esq.
Carolyn D. Richmond, Esq.
Rosemary Joyce, Esq.
Fox Rothschild LLP
100 Park Avenue, 15th Fl.
New York, NY 10017

---

ultimately be unable to recover attorneys' fees. See Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 598-99 (2001) (holding that plaintiff was not prevailing party entitled to attorneys' fees where "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lack[ed] the necessary judicial imprimatur on the change"); J.C. v. Regional School District 10, Board of Education, 278 F.3d 119, 121 (2d Cir. 2002) (denying award of attorneys' fees where plaintiff's issues were resolved by committee decision rather than by judicial sanctions).

5