```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DAN GROPPER,                          :   13 Civ. 2068 (ALC) (JCF)
                                      :
              Plaintiff,              :        MEMORANDUM
                                      :        AND  ORDER
    - against -                       :
                                      :
DAVID ELLIS REAL ESTATE, L.P. and     :
31 UNION SQUARE WEST, LLC, d/b/a      :
BLUE WATER GRILL,                     :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiff, Dan Gropper, brings this action alleging that the Blue Water Grill, a Manhattan restaurant, violated his rights because it does not meet the accessibility requirements of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., and related state and city laws. Mr. Gropper now moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling discovery responses and awarding sanctions. The defendants have cross-moved for sanctions.

Background

The plaintiff filed his complaint on March 28, 2013. Before discovery commenced, the defendants moved to stay the action on the ground that the accessibility of the Blue Water Grill was the subject of a parallel investigation by the United States Department of Justice. In a Memorandum and Order dated July 29, 2013, I

1

denied the motion, though I encouraged plaintiff's counsel to consider agreeing to a voluntary stay. He did not take up my suggestion, and on August 27, 2013, he propounded interrogatories and document requests. (Plaintiff's First Request for Documents ("Pl. Doc. Req."), attached as Exh. B to Declaration of Glen H. Parker dated Nov. 26, 2013 ("Parker Decl."); Plaintiff's First Set of Interrogatories ("Pl. Interrogs."), attached as Exh. C to Parker Decl.).

In a series of e-mail communications on September 19, 2013, counsel for the respective parties discussed the fact that responses to the discovery requests were due on September 27, 2013. (E-mails of Glen Parker and Ernest E. Badway dated Sept. 19, 2013, attached as part of Exh. D to Parker Decl.). When plaintiff's counsel did not receive the responses on time, he sent e-mails on October 4, October 8, and October 10, seeking to obtain them. (E-mails of Glen Parker dated Oct. 4, 2013, Oct. 8, 2013, and Oct. 10, 2013, attached as part of Exh. D to Parker Decl.). On October 10, defendants' counsel indicated that they had objections to many of the requests and also advised that one of the persons responsible for providing the requested information had experienced a family tragedy. (E-mail of Carolyn Richmond dated Oct. 10, 2013, attached as part of Exh. D to Parker Decl.). When plaintiff's counsel offered to agree to a schedule (E-mail of Glen Parker dated Oct.

10, 2013, attached as part of Exh. D to Parker Decl.), defendants' counsel requested an additional three weeks (E-mail of Ernest E. Badway dated Oct. 10, 2013, attached as part of Exh. D to Parker Decl.). Accordingly, counsel entered into a written stipulation pursuant to which the defendants were to respond to the outstanding discovery requests by November 1, 2013. (Stipulation dated Oct. 11, 2103, attached as Exh. E to Parker Decl.).

When plaintiff's counsel did not receive responses on November 1, he e-mailed defendants' counsel on November 4, asking if they had been sent. (E-mail of Glen Parker dated Nov. 4, 2013, attached as part of Exh. D to Parker Decl.). Defendants' counsel replied that they had the deadline "calendared as November 18, 2013." (E-mail of Ernest E. Badway dated Nov. 4, 2013, attached as part of Exh. D to Parker Decl.). Nonetheless, on November 6, the defendants provided their responses to the plaintiff's discovery demands.[1] (Defendants' Responses to Plaintiff's First Request for Documents ("Def. Doc. Resp."), attached as Exh. G to Parker Decl.). Considering the responses inadequate, plaintiff's counsel sent a deficiency letter to defendants' counsel on November 8 and, when he

---

[1] Apparently, the defendants provided interrogatory answers as well as responses to document requests. However, instead of those answers, the plaintiff has attached the interrogatories propounded by the defendants to its motion papers. (Compare Parker Decl., ¶ 12 with Exh. F to Parker Decl.).

3

received no response, sent a letter to the Court on November 13 asking for a conference. (Letter of Glen H. Parker dated Nov. 13, 2013 "Parker 11/13/13 Letter")). On November 18, defendants' counsel requested reconsideration of my order denying a stay of this action, and I denied that application the following day. (Letter of Ernest E. Badway dated Nov. 18, 2013; Memorandum Endorsement dated Nov. 19, 2013). Also on November 19, I addressed the request of plaintiff's counsel for a conference; I indicated he should file a formal motion and observed that attorneys' fees would likely be assessed against any party whose position was not substantially justified. (Memorandum Endorsement dated Nov. 19, 2013).

The plaintiff filed the instant motion on November 26, 2013. He contends that the defendants waived any objections to the requested discovery by failing to provide responses in a timely fashion. (Plaintiff's Memorandum of Law in Support of Motion to Compel and for Fees ("Pl. Memo.") at 2-3). The plaintiff further argues that the defendants' objections were improper and that their responses, once they were provided, were incomplete and evasive. (Pl. Memo. at 3-10). He notes that the defendants have asserted privilege but provided no privilege log and that they failed to verify their interrogatory answers. (Pl. Memo. at 10). The plaintiff seeks an award of attorneys' fees in connection with his

4

motion. (Pl. Memo. at 11).

The defendants answered the motion on December 10, 2013, arguing that the plaintiff had failed to comply with the obligation to meet and confer prior to filing his motion. (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel and for Fees and in Support of Defendants' Cross-Motion for Sanctions ("Def. Memo.") at 3, 5-6). The defendants point out that they had provided responses to the document requests and interrogatories and note that they possess additional documents that they intended to produce. (Def. Memo. at 4). They also argue that the plaintiff has "unclean hands" because he did not provide information responsive to the defendants' discovery requests. (Def. Memo. at 6-7). Finally, the defendants cross-move for an award of the attorneys' fees incurred in opposing the plaintiff's motion.

Discussion

    A. Meet and Confer Obligations

A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Here, the plaintiff satisfied that requirement with respect to efforts to obtain discovery responses in the first place. As described above, plaintiff's

5

counsel repeatedly reminded his adversary of the defendants' obligation to produce the requested documents and interrogatory answers, and defendants' counsel was generally non-responsive. Even when counsel agreed on a formal extension of the deadline, the defendant did not comply with it.

> A failure to meet and confer may be excused when to do so would be futile. See Gibbons v. Smith, No. 01 Civ. 1224, 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010); Metrokane, Inc. v. Built NY, Inc., No. 06 Civ. 14447, 2008 WL 4185865, at *3 (S.D.N.Y. Sept. 3, 2008); Myers v. Andzel, No. 06 Civ. 14420, 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007). Of course, futility should not be lightly presumed. But where, as here, a party has tried over an extended period of time to obtain full compliance with discovery demands and has received no firm commitment, it has no obligation to continue negotiations that seemingly have no end. See Bell v. Lockheed Martin Corp., Civ. No. 08-6292, 2012 WL 1677240, at *1 (D.N.J. May 14, 2012); Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., No. 95 Civ. 8833, 1998 WL 2829, at *3 (S.D.N.Y. Jan. 6, 1998).

Fleisher v. Phoenix Life Insurance Co., No. 11 Civ. 8405, 2012 WL 6732905, at *2 (S.D.N.Y. Dec. 27, 2012).

Whether the parties have exhausted their meet and confer obligations with respect to the substance of the defendants' responses is a good deal less clear. Plaintiff's counsel asserts that on November 8, 2013, two days after receiving the defendants' responses, he sent a deficiency letter to defendants' counsel. (Parker 11/13/13 Letter at 1). However, that letter has not been submitted to the court, so it is unclear if a meaningful effort was

6

made to resolve any disagreements. Indeed, as will be discussed below, the failure of counsel to engage with one another impedes me from resolving, or even identifying, outstanding disputes.

B. Reciprocal Obligations

The defendants further contend that the plaintiff's motion should be summarily denied because the plaintiff himself has failed to respond to discovery requests. Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent, and any motion to compel will be determined on its own merits.[2]

C. Timeliness of Defendants' Discovery Responses

The defendants cannot plausibly argue that they responded to the plaintiff's discovery demands in a timely fashion. The responses were due on September 27, 2013, and were not provided until November 6, 2013. In the meantime, plaintiff's counsel repeatedly reminded defendants' counsel that the responses were overdue and, even when the parties entered into a formal stipulation extending the time to respond, the defendants did not meet that deadline. Rules 33(b) and 34 of the Federal Rules of Civil Procedure require responses within 30 days of service of

---

[2] Indeed, the defendants have filed a motion to compel which will be dealt with in a separate order.

7

interrogatories or document requests, and a party who fails to comply with that obligation may be deemed to have forfeited any objections. Sadolfsky v. Fiesta Products, LLC, 252 F.R.D. 143, 154 (E.D.N.Y. 2008); Rahman v. Smith & Wollensky Restaurant Group, Inc., No. 06 Civ. 6198, 2007 WL 1521117, at *2-3 (S.D.N.Y. May 24, 2007). Nonetheless, "[c]ourts have substantial discretion in deciding when objections should be waived." Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. 149, 158 (S.D. Tex. 2009).

Here, it would be unduly harsh to deem the defendants' objections forfeited. First, the responses were provided within five days of the extended deadline to which the plaintiff had (reluctantly) agreed. Second, some of the objections asserted by the defendants to the scope of the discovery requests have merit, and it would be a waste of time for all parties to engage in production and review of irrelevant materials. See Bennie v. Munn, No. 4:11CV3089, 2013 WL 3766537, at *2 (D. Neb. July 16, 2013) (finding no waiver of objections for failure to make timely response to overbroad subpoena). Accordingly, while the defendants' responses were tardy, I will not deem their objections to have been waived.

B. Substantive Deficiencies

"General and conclusory objections as to relevance,

8

...

overbreadth, or burden are insufficient to exclude discovery of requested information." <u>Melendez v. Greiner</u>, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).  The objections asserted by the defendants to the plaintiff's discovery demands are just such boilerplate responses.  <u>See</u> <u>In re Weatherford International Securities Litigation</u>, No. 11 Civ. 1646, 2013 WL 5788680, at *2 (S.D.N.Y. Oct. 28, 2013); <u>Freydl v. Meringolo</u>, No. 09 Civ. 7196, 2011 WL 2566087, at *4 (S.D.N.Y. June 16, 2011).  The only document request that the defendants have ever objected to with any specificity is Request no. 44, which seeks "[c]opies of any and all documents concerning, or that otherwise describe, evidence, or refer to, the number of defendant's [sic] employees that work at the Property since 2005."  (Pl. Doc. Req., no. 44). The defendants characterize the information requested as "patently irrelevant."  (Letter of Ernest E. Badway dated Nov. 18, 2013, at 2).  It is not; under the applicable statutory and regulatory provisions, the number of persons employed by a defendant is one of several factors to be considered in determining whether accommodations demanded by a disabled plaintiff are "readily achievable."  42 U.S.C. § 12181(9)(C); 28 C.F.R. § 36.104.

By the same token, many of the plaintiff's discovery demands are objectionable on their face.  The request just cited is a good example.  While the number of the defendants' employees is

9

relevant, the request for "any and all" documents concerning that subject is inherently overbroad.  See Rice v. Reliastar Life Insurance Co., Civ. A. No. 11-44, 2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011) (finding that "a request for 'any and all documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition"); Badr v. Liberty Mutual Group, Inc., No. 3:06CV1208, 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (finding request for "any and all" documents overly broad); Pollard v. E.I. DuPont de Nemours & Co., No. 95-3010, 2004 WL 784489, at *5 (W.D. Tenn. 2004)(holding "any and all" request ambiguous and overbroad).  An appropriate request would seek documents sufficient to identify the number of employees at relevant times.[3]

This example is by no means unique.  Request no. 7, for instance, seeks "[c]opies of any and all documents, including correspondence or other communications, with any and all individuals from whom the defendant has obtained, or expects to obtain, a written or oral statement concerning, otherwise describing, evidencing, or referring to, the facts of this case, including a copy of any statement."  (Pl. Doc. Req. no. 7 (emphasis

---

[3] Better yet, since the information need not be absolutely precise given the purpose for which it will be used, the parties could be expected to stipulate to the approximate number of employees without the need for document production at all.

added)). Furthermore, many requests solicit all documents relevant to some aspect of the defendants' property without distinguishing between the restaurant, which is the focus of the litigation, and the residential apartments located in the same building, which are not relevant. (Pl. Doc. Req. nos. 12-31).

I respectfully decline to rewrite the plaintiff's discovery demands, particularly in light of the fact that both prior to and after the plaintiff's motion to compel was filed, the defendants produced some documents. Instead, counsel shall comply with the following protocol for addressing disputes relating to the plaintiff's pending discovery demands:

   1. By February 21, 2014, counsel for the plaintiff and counsel for the defendants shall meet and confer face-to-face for as long as is necessary to address individually each and every document request.

   2. By February 28, 2014, the defendants shall produce properly verified interrogatory answers if they have not already done so.

   3. By February 28, 2014, counsel shall submit a joint letter identifying for each individual document request whether they have a remaining dispute and, if so, setting forth each party's respective position in detail.

   4. By March 7, 2014, the defendants shall produce all documents responsive to discovery requests as to which there are no further disputes. In doing so, the defendants shall indicate whether any responsive documents are being withheld for any reason. With respect to documents produced at that time as well as those previously produced, the defendants shall either identify the document request to which they are responsive or, if they are produced in the manner in

11

which they are kept in the regular course of business, identify their source (e.g., name and title of custodian and designation of file).

    5. By March 7, 2014, the defendants shall produce a privilege log identifying any documents they are withholding on grounds of privilege or work product protection.

C. <u>Sanctions</u>

Rule 37(a) requires that, when a motion to compel is granted or discovery is provided after such a motion is filed, the court order the party "whose conduct necessitated the motion," its attorney, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the moving party failed to make a good faith effort to obtain the discovery without court intervention, the conduct was substantially justified, or the award would be unjust. Fed. R. Civ. P. 37(a)(5)(A); see <u>Alexander Interactive, Inc. v. Adorama, Inc.</u>, No. 12 Civ. 6608, 2014 WL 61472, at *7 (S.D.N.Y. Jan. 6, 2014); <u>Oleg Cassini, Inc. v. Electrolux Home Products, Inc.</u>, No. 11 Civ. 1237, 2013 WL 3056805, at *4 (S.D.N.Y. June 19, 2013); <u>Underdog Trucking, LLC v. Verizon Services Corp.</u>, 273 F.R.D. 372, 377 (S.D.N.Y. 2011). To the extent that the plaintiff here sought a remedy for the defendants' failure to respond at all to the discovery requests, the motion was filed after the defendants had responded, and the relief requested by the plaintiff -- forfeiture of any objections

-- has been denied. To the extent that the plaintiff complains of the quality of the responses that the defendants have provided, the magnitude of any deficiency cannot be determined until the parties complete the interactive process described above. Accordingly, the plaintiff's application for an award of attorneys' fees is denied without prejudice to renewal once all remaining disputes relating to these discovery requests have been adjudicated.

The defendants' cross-motion for fees is based on Rule 37(a)(5)(B), which provides that when a motion to compel is denied, the moving party must pay the other party's costs, including fees, unless the motion was substantially justified or other circumstances make an award unjust. See Novick v. AXA Network, LLC, No. 07 Civ. 7767, 2013 WL 7085799, at *1-2 (S.D.N.Y. Nov. 6, 2013); MPD Accessories B.V. v. Urban Outfitters, No. 12 Civ. 6501, 2013 WL 5647430, at *2 (S.D.N.Y. Oct. 9, 2013). Here, the plaintiff's motion was warranted. The defendants' dilatoriness in providing any response to discovery demands justified the plaintiff's request that objections be deemed waived, even though that request was ultimately denied. Furthermore, the defendants' boilerplate objections, their failure to clarify what information was being withheld on the basis of those objections, and their failure to provide a privilege log all justified the plaintiff's filing his motion after receiving the initial responses. The

defendants' cross-motion for sanctions is therefore denied.

Conclusion

For the reasons discussed, the plaintiff's motion to compel discovery (Docket no. 23) is granted in part and denied in part as set forth above, and his application for an award of counsel fees is denied without prejudice. The defendants' cross-motion for sanctions (Docket no. 28) is denied.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 10, 2014

Copies mailed this date:

Glen H. Parker, Esq.
Adam S. Hanski, Esq.
Parker Hanski LLC
40 Worth St., 10th Floor
New York, NY 10013

Ernest E. Badway, Esq.
Carolyn D. Richmond, Esq.
Rosemary Joyce, Esq.
Fox Rothschild LLP
100 Park Avenue, 15th Fl.
New York, NY 10017