UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DAN GROPPER,                         : 13 Civ. 2068 (ALC) (JCF)
                                     :
            Plaintiff,               :      MEMORANDUM
                                     :      AND  ORDER
     - against -                     :
                                     :
DAVID ELLIS REAL ESTATE, L.P. and    :
31 UNION SQUARE WEST, LLC, d/b/a     :
BLUE WATER GRILL,                    :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Dan Gropper, who is mobility-impaired, alleges that the Blue

Water Grill, a Manhattan restaurant, violated his rights because it

does not meet the accessibility requirements of the Americans with

Disabilities Act (the "ADA"), 42 U.S.C. § 12181 et seq., and

related state and local laws.  The defendants now move pursuant to

Rule 37 of the Federal Rules of Civil Procedure to compel discovery

responses and for sanctions.  The motion is denied.

Background

     On November 6, 2013, the defendants served upon the plaintiff

Defendants' First Set of Interrogatories to Plaintiff ("Def. 1st

Interrogs.," attached as Exh. 1 to Declaration of Ernest Edward

Badway dated Jan. 23, 2014 ("Badway Decl.")) and Defendants' First

Request for Production of Documents ("Def. 1st Doc. Req.," attached

as Exh. 2 to Badway Decl.).  On November 29, 2013, plaintiff's

counsel provided timely responses to both. (Plaintiff's Response
to Defendants' First Set of Interrogatories, attached as Exh. 3 to
Badway Decl.; Plaintiff's Response to Defendant's [sic] Request for
Production of Documents, attached as Exh. 4 to Badway Decl.).
Dissatisfied with the plaintiff's responses, the defendants sought
a conference with the Court. (Letter of Ernest E. Badway dated
Dec. 5, 2013, at 1-2). The defendants also propounded a second
document request on December 18, 2013 (Defendants' Second Request
for Production of Documents ("Def. 2nd Doc. Req."), attached as
Exh. 5 to Badway Decl.). At a conference with the Court on January
21, 2014, counsel discussed the plaintiff's responses, and
defendants' attorney noted that the plaintiff had as yet provided
no response to the second document request. When no resolution was
reached, the defendants filed the instant motion on January 23,
2014, and the plaintiff responded to the outstanding document
request the same day. (Plaintiff's Response to Defendants' Second
Request for Production of Documents, attached as Exh. A to
Declaration of Glen A. Parker dated Jan. 29, 2014).

<u>Discussion</u>

    A. <u>Merits</u>

    The plaintiff responded to each of the defendants' discovery
demands indicating, for the most part, that he did not possess the
requested information. That is an entirely appropriate response;

a party cannot be compelled to produce that which he does not have. See Nunez v. City of New York, No. 11 Civ. 5845, 2013 WL 2149869, at *6 (S.D.N.Y. May 17, 2013) ("[A] request for documents does not include the obligation to create information or documents which a party does not control or possess." (internal quotations marks and citation omitted)); International Business Machines Corp. v. BGC Partners, Inc., No. 10 Civ. 128, 2013 WL 1775437, at *1 (S.D.N.Y. April 25, 2013) ("Parties are only required to produce documents that exist; they have no obligation to create documents to support their adversary's theory of the case." (internal quotation marks, citation, and alterations omitted)); Barton Group, Inc. v. NCR Corp., No. 08 Civ. 5679, 2009 WL 6509348, at *1 (S.D.N.Y. July 22, 2009) ("Confusing the merits of the case with the discovery process, plaintiff seeks to have defendant produce documents which defendant represents do not exist, and to have defendant create documents to clarify plaintiff's claims.  Plaintiff's position is unsustainable."); Ross v. McCoy, No. 00 Civ. 804, 2001 WL 30451, at *5 (S.D.N.Y. Jan. 10, 2001) ("The state is under no obligation to produce evidence that did not exist.").

Significantly, the defendants do not contend that the plaintiff has engaged in spoliation of evidence nor that he is improperly withholding information that may be possessed by someone else but is under his practical control.  Instead, they simply

presume that he "must" have additional responsive information and documents.   (Defendants' Memorandum of Law in Support of Defendants' Motion to Compel and for Fees ("Def. Memo.") at 6-7 ("Given Plaintiff's allegations in his Complaint, Defendants find it perplexing that Plaintiff has not provided a scintilla of evidence to support any of them . . . .")).   The defendants' speculation is unwarranted.  For example, they seek the identity of any employees the plaintiff interacted with at the Blue Water Grill (Def. 1st Interrogs., ¶ 2), but it is hardly surprising if he did not take the names of persons he spoke with there.  Similarly, the defendants argue that the plaintiff must have evidence that he "frequently travels to the shopping area and neighborhood" of the defendants' establishment.   (Def. Memo. at 6).  But he has represented that he does not, and while the absence of documentation may ultimately affect the fact-finder's view of his credibility, it does not provide the basis for an order compelling discovery.

Furthermore, where the defendants have specified particular documents that they believe would be responsive to their requests, the information is often not discoverable.  For instance, in connection with the plaintiff's claim for emotional distress, the defendants assert that they are entitled to his medical records. (Def. 1st Doc. Req., ¶ 31; Defendants' Memorandum of Law in Further

Support of Defendants' Motion to Compel and for Fees at 4).  Yet, as long as the plaintiff seeks only "garden variety" emotional distress damages, he has no obligation to disclose medical information.  See In re Sims, 534 F.3d 117, 141-42 (2d Cir. 2008); In re Consolidated RNC Cases, No. 04 Civ. 7922 et al., 2009 WL 130178, at *5-7 (S.D.N.Y. Jan. 8, 2009).

The defendants' motion to compel is therefore denied.

B. Sanctions

Because the defendants have not prevailed on their motion, they are plainly not entitled to an award of sanctions against the plaintiff.  Moreover, when a motion to compel is denied, the moving party must pay the other party's costs, including fees, unless the motion was substantially justified or other circumstances make an award unjust.  See Fed. R. Civ. P. 37(a)(5)(B); Novick v. AXA Network, LLC, No. 07 Civ. 7767, 2013 WL 7085799, at *1-2 (S.D.N.Y. Nov. 6, 2013); MPD Accessories B.V. v. Urban Outfitters, No. 12 Civ. 6501, 2013 WL 5647430, at *2 (S.D.N.Y. Oct. 9, 2013).  In this case, there was no justification for the defendants' motion.  The plaintiff answered each of the defendants' discovery requests, indicating, for the most part, that he possessed no responsive information or documents.  Rather than test those representations by deposing the plaintiff, defendants' counsel filed this motion precipitously, causing the unnecessary

expenditure of resources by their own client, by their adversary, and by the Court.

The defendants and their counsel are therefore liable for the attorneys' fees incurred by the plaintiff in opposing the instant motion.  Since the ADA contains a fee-shifting provision, however, it is most efficient to defer final determination of the amount to be paid in connection with this motion and the allocation of responsibility between the defendants and their attorneys until the conclusion of the case, when, if the plaintiff prevails, a comprehensive analysis of fees will be necessary.[1]

Conclusion

For the reasons set forth above, the defendants' motion to compel discovery (Docket no. 35) is denied, and the plaintiff is awarded the costs of the motion, including reasonable attorneys' fees, to be determined at the conclusion of the case.

---

[1] Defendants' counsel have frequently expressed concern that the plaintiff's litigation tactics are based on a desire to accumulate attorneys' fees.  (See, e.g., Letter of Ernest E. Badway dated Nov. 18, 2013, at 2 ("Plaintiff's counsel is obviously doing nothing more than running up legal bills in the off chance he is successful.")).  Unfortunately, by engaging in unjustified discovery motion practice, defendants' counsel have ensured that plaintiff's counsel will obtain some award of attorneys' fees even if the plaintiff does not ultimately prevail on the merits.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 14, 2014

Copies mailed this date:

Glen H. Parker, Esq.
Adam S. Hanski, Esq.
Parker Hanski LLC
40 Worth St., 10th Floor
New York, NY 10013

Ernest E. Badway, Esq.
Carolyn D. Richmond, Esq.
Rosemary Joyce, Esq.
Fox Rothschild LLP
100 Park Avenue, 15th Fl.
New York, NY 10017

7